\*LIVINGSTON *against* DEAN and others.

[ \* 479 ]

The assignee of a bond and mortgage takes it, subject to all the equity of the *mortgagor;* but not to the *latent* equity of a *third* person. To subject him to such an equity, he must have express or constructive *notice* of it, at the time of the assignment.

THE plaintiff, on the first of *May*, 1808, sold to *Daniel S. Dean*, defendant, about 2,000 acres of land, in *Dutchess* county, and took his bond and mortgage to secure the purchase money. The mortgage was not registered until the 16th of *August*, 1808. In the interval, between the date and registry of the mortgage, *Dean* sold different parcels of the land, and took bonds and mortgages to himself, all of which mortgages, except one, were duly registered prior to the 16th of *August*, 1808. *Dean*, instead of assigning these bonds and mortgages to the plaintiff, towards payment of the purchase money, assigned them to the other defendants; and the present suit was brought against *Dean* and the assignees, claiming the amount of the bonds and mortgages so assigned.

The answer of *G. P. Oakley*, one of the defendants, stated, that *Dean*, being indebted to him and his partner, in the sum of 61,110 dollars and 45 cents, was applied to for security, and *Dean* offered to assign to him the mortgages he had so taken for the parcels of the land he had sold; and, on being questioned by the defendant *Oakley*, *Dean* said he had not executed any mortgage to the plaintiff, to secure the purchase money, and that he was not to give a mortgage until after the expiration of six months; during which time he had the right to dispose of such parts of the land as he thought proper; and at the expiration of the six months, he was to make the plaintiff considerable payments in cash, or

*June* 13th.

1817.

LIVINGSTON
v.
DEAN.

in such securities as he should take from *the respective persons to whom he should sell and convey parts of the land purchased of the plaintiff, or in both; and was then to mortgage to the plaintiff the residue of the tract unsold, as a security for the balance of the purchase money. That at the time of the assignment of the mortgages, or soon afterwards, *Dean* told *Oakley*, that he intended to redeem the mortgages, for the purpose of assigning them to the plaintiff, in part payment for the land.

The suit having abated by the death of the plaintiff, was revived, in favor of his representatives, and was brought on to a hearing this day, on the master's report.

June 13th.

*Riggs*, for the plaintiff.

*D. B. Ogden*, for the defendant *Oakley*.

THE CHANCELLOR. From the admissions in the answer of *G. P. Oakley*, there is no doubt of his being bound in equity to account to the plaintiff for the bonds and mortgages so assigned to him by *Dean*. Though the assignee of a bond and mortgage takes it subject to all the equity of the mortgagor, yet as to the latent equity of a third person against the mortgagee, as possessor of the mortgage, the case is a little different. The assignee does not take the mortgage subject to such an equity, unless he has *notice* of it, expressly or constructively; and in this case, the notice is sufficiently admitted by the answer; and the defendant *Oakley* must be held to account for the amount of these bonds and mortgages, equally as *Dean*, from whom he received them, and who took and held them in trust for the original plaintiff. This principle of equity was lately declared, and applied in the case of *Murray* and *Winter* v.

† Ante, p. 441   *Lylburn and others.*†

Decree accordingly.